UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE JENKINS,

        Plaintiff,                  CIVIL ACTION NO. 09-12451

vs.

                                            DISTRICT JUDGE NANCY G. EDMUNDS

WELLS FARGO BANK, N.A.,       MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (docket no. 9) should be **GRANTED** and Plaintiff's Complaint should be dismissed with prejudice.

**II.**     **REPORT:**

Plaintiff filed a *pro se* civil complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Collection Practices Act ("FDCPA"), and fraud in connection with what Plaintiff argues was an unlawful mortgage foreclosure. (Docket no. 1). Defendant filed this Motion to Dismiss or in the Alternative for Summary Judgment on August 4, 2009. (Docket no. 9). Plaintiff responded on August 28, 2009. (Docket no. 16). All pretrial matters have been referred to the undersigned for decision. (Docket no. 6). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A. Facts and Procedural History**

1

On May 23, 2001 Plaintiff executed a note and mortgage in favor of Delta Funding Corporation ("Delta") for property located at 20785 Winchester, Southfield, Michigan. (Docket no. 9). The mortgage was recorded on October 22, 2001. (Docket no. 9, ex. 1). On July 14, 2003 Delta assigned all of its "rights, title, and interest" in the mortgage to Wells Fargo Bank Minnesota, N.A. (the "First Mortgage Assignment"). (Docket no. 9, ex. 2). The assignment was recorded the following week. (Docket no. 9, ex. 2). On or around February 20, 2004, Wells Fargo Bank Minnesota, N.A. merged into and began operating as Wells Fargo Bank, N.A. ("Defendant"). (Docket no. 1). On January 2, 2007 Delta executed a second assignment of a "100% undivided interest" in the mortgage to Wells Fargo Bank Minnesota, N.A. (the "Second Mortgage Assignment"). (Docket no. 1). The Second Mortgage Assignment was recorded on February 15, 2007. (Docket no. 1).

At some point Plaintiff defaulted on the terms of his mortgage loan and Defendant initiated foreclosure proceedings. From December 13, 2005 to May 22, 2007, Defendant scheduled and subsequently cancelled three foreclosure sales of the Southfield property. (Docket no. 9). A fourth foreclosure sale, scheduled for September 18, 2007, was cancelled after Plaintiff filed his sixth Chapter 13 bankruptcy petition. (Docket no. 9). The bankruptcy court dismissed the Plaintiff's sixth petition on October 22, 2007. (Docket no. 9). After the dismissal the Defendant published a notice of foreclosure of the Southfield property. (Docket no. 9, ex. 4). The notice stated that a foreclosure sale would be held on December 11, 2007 on a $319,034.76 mortgage default. (Docket no. 9, ex. 4). Shortly after the first notice of sale was published, the bankruptcy court modified the October 22, 2007 order dismissing Plaintiff's bankruptcy case and scheduled a hearing on a motion filed in the case.

Three more notices of foreclosure were published on November 16, 23 and 30, 2007. (Docket no. 9, ex. 4). On December 10, 2007 Plaintiff filed another bankruptcy case, this time under Chapter 7 of the Bankruptcy Code. Defendant contends it did not receive prior notice of the Chapter 7 bankruptcy filing. (Docket no. 9). Notwithstanding the fact that Plaintiff was involved in two bankruptcy cases, on December 11, 2007 Plaintiff's home was sold at public auction to the Defendant for $323,361.98. A sheriff's deed was issued to the Defendant. (Docket no. 9, ex. 4). Several days after the sale, Ocwen Loan Servicing, LLC, the servicing agent for the Defendant, filed motions in Plaintiff's Chapter 13 and Chapter 7 bankruptcy cases to void and annul the automatic stay nunc pro tunc and confirm the foreclosure sale on the Southfield property. (Docket no. 9). The bankruptcy court granted the unopposed motions on January 22 and January 23, 2008, holding that the foreclosure sale of the Southfield property and the sheriff's deed of sale were a valid deed and sale. (Docket no. 9, ex. 5, 6). Plaintiff did not file a notice of appeal of the bankruptcy court orders.[1]

The last day to redeem the property was June 11, 2008. (Docket no. 9). On or around June 9, 2008 Plaintiff filed an action in the Oakland County Circuit Court against Defendant, Ocwen Loan Servicing, LLC, and Delta challenging the validity of the foreclosure action. (Docket no. 9, ex. 7). Plaintiff's state court complaint alleges that the December 11, 2007 sheriff's sale was improper and illegal. (Docket no. 9, ex. 7). Plaintiff argues in the complaint that the First Mortgage Assignment was invalid and fraudulent and created a cloud on his title, making it impossible for him to refinance his mortgage loan. He further argues that Delta issued the Second Mortgage Assignment in an attempt to correct the deficiencies in the First Mortgage Assignment. (Docket no.

---

[1] The Court takes judicial notice of the bankruptcy court docket sheets in case number 07-58371 and 07-65081.

3

9, ex. 7). The state court complaint seeks an order vacating the foreclosure sale and awarding Plaintiff damages to compensate him for money paid to Defendant during the cloud of title issues. (Docket no. 9, ex. 7).

Defendant filed a motion for summary disposition in the Oakland County Circuit Court case, arguing in part that the Plaintiff failed to plead fraud with particularity and asserting that the foreclosure was valid. (Docket no. 9, ex. 8). The state court granted the Defendant's motion for summary disposition on May 6, 2009. (Docket no. 9, ex. 9). Plaintiff filed an appeal of the Circuit Court order. (Docket no. 9, ex. 10). On May 22, 2009 the 46th District Court for the City of Southfield entered a judgment of possession in favor of Defendant. (Docket no. 9, ex. 12). Plaintiff filed an appeal from the judgment of possession on June 26, 2009. (Docket no. 9, ex. 13). The appeals of the Oakland County Circuit Court order and the 46th District Court judgment are pending. (Docket no. 9 at 5).

Plaintiff filed the instant Complaint in this Court on June 22, 2009. (Docket no. 1). In the instant Motion, Defendant moves the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Defendant argues that the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, the Complaint was not properly served, the Complaint fails to state a claim under the FDCPA and RICO, and the claims must be dismissed under the doctrine of res judicata.

**B. Standard**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the jurisdictional claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for

4

jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction. *Id*. Federal Rule of Civil Procedure 12(b)(5) permits a party to raise the defense of insufficiency of service of process in a motion to dismiss. The decision whether to dismiss a complaint for improper service of process is within the sound discretion of the court. *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable claim can not survive a Rule 12(b)(6) motion. *Id*. The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

**C. Analysis**

**1. The Bankruptcy Court Orders**

Plaintiff contends that this Court has subject-matter jurisdiction over his Complaint because

the foreclosure action originated in the Federal bankruptcy court. Plaintiff challenges the January 22 and 23, 2008 bankruptcy court orders voiding and annulling the automatic stay nunc pro tunc and confirming the foreclosure sale for the Southfield property on the grounds that the orders were fraudulently induced by the Defendant.

According to the Plaintiff, the Defendant claimed it owned the mortgage indebtedness by way of a questionable noncorporate First Mortgage Assignment. (Docket no. 1). Plaintiff alleges that the Defendant presented the defective Second Mortgage Assignment to the bankruptcy court to show that it had the right to foreclose the mortgage interest. (Docket no. 16). He further alleges that the Defendant and its attorneys misled the Federal Bankruptcy Court by convincing it that the note and Second Mortgage Assignment were proper, causing the bankruptcy court to issue orders validating the foreclosure sale. (Docket no. 16 at 4). Although Plaintiff states that the bankruptcy court was deceived by false and misleading statements made to it by an officer of the court, Plaintiff did not seek relief from the bankruptcy court orders pursuant to Federal Rule of Civil Procedure 60(b)(3) or Rule 60(d)(3).

Under the version of Federal Rule of Bankruptcy Procedure 8002(a) in effect at the time the bankruptcy court orders were entered, Plaintiff was required to file a notice of appeal within ten days of the January 22 and January 23, 2008 orders. The Plaintiff did not file a notice of appeal of the orders. The bankruptcy court orders held that the December 11, 2007 foreclosure sale and sheriff deed of sale resulting therefrom were valid. (Docket no. 9-6 and 9-7). This Court lacks jurisdiction to review the bankruptcy court orders. *Walker v. Bank of Cadiz* (*In re LBL Sports Center, Inc.*), 684 F.2d 410, 412 (6th Cir. 1982) (the requirements of the Bankruptcy Rule 8002(a) are jurisdictional).

**2. The State Court Orders**

Defendant argues that this Court lacks subject-matter jurisdiction over the Plaintiff's Complaint pursuant to the Rooker-Feldman Doctrine. Defendant asserts that the Plaintiff's claims amount to an appeal of the judgments issued by the Oakland County Circuit Court and the 46th District Court for the City of Southfield.

The Rooker-Feldman doctrine raises a jurisdictional bar that prevents a federal district court from ruling on an issue that is inextricably intertwined with a claim asserted in a state court proceeding. *DLX, Inc. v. Kentucky*, 381 F.3d at 516-17. A "federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* (citing *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002)). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) (citation and internal quotation marks omitted).

Plaintiff's federal Complaint asserts that the foreclosure action was improper and illegal because Defendant based its right to foreclose the mortgage interest on invalid mortgage assignments. Likewise, Plaintiff argued in his Oakland County Circuit Court complaint that the December 11, 2007 foreclosure sale was improper and illegal and was based on invalid and fraudulent mortgage assignments. (Docket no. 9, ex. 7). Both the Oakland County Circuit Court complaint and the Complaint filed in this Court seek an order vacating the foreclosure sale. (Docket no. 9, ex. 7).

Were this Court to rule in favor of the Plaintiff and vacate the foreclosure sale, it would lead to the conclusion that the Oakland County Circuit Court judgment and the 46th district court

7

judgment of possession were wrongly decided. Since Plaintiff's federal claims depend on factual issues inextricably intertwined with the state court determinations, this Court lacks jurisdiction over the claims.

### 3. Independent Cause of Action

Plaintiff argues that this Court has subject-matter jurisdiction over his claims because the instant action asserts an independent federal cause of action. (Docket no. 16 at 3). The Complaint alleges that the Defendant violated the RICO statute ("RICO"), the FDCPA, and committed fraud under penalty of perjury. (Docket no. 1). Defendant asserts that the Plaintiff failed to state a claim upon which relief can be granted.

To establish a RICO violation the Plaintiff must show (1) two or more predicate offenses; (2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; (3) a nexus between the pattern of racketeering activity and the enterprise; and (4) an injury to his business or property by reason of the above. *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993). Plaintiff contends that the Defendant violated the RICO statute by participating in a conspiracy to collect a debt it was not entitled to collect because of the defective mortgage assignments. (Docket no. 1). Plaintiff failed to allege facts which show that the Defendant engaged in or conspired to engage in a pattern of racketeering activity, therefore the Complaint fails to sufficiently plead a RICO claim.

Plaintiff also fails to state a claim for violation of the FDCPA. The FDCPA bars debt collectors from pursuing consumer debts in violation of the act. 15 U.S.C. § 1692, *et seq.* The statute defines "debt collector" to include any person who uses instruments of interstate commerce or mail in any business whose principal purpose is the collection of debts, or who regularly collects the debts of another or collects its own debts using any name other than its own. 15 U.S.C.

§ 1692a(6). Since a "debt collector" does not include any "officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor," creditors are not liable under the FDCPA. 15 U.S.C. § 1692a(6).

Plaintiff does not argue before this Court that he was making mortgage payments to an entity other than Defendant. More significantly, he does not plead facts sufficient to show that the principal purpose of Defendant's business was the collection of debts, or that the Defendant regularly attempted to collect the debts of another or collect its own debts using the name of another. Based on the allegations before the Court, Plaintiff has failed to show that Defendant was a debt collector for purposes of the FDCPA. *See Romberger v. Wells Fargo Bank, N.A.*, No. 07-13210, 2008 WL 3838026, at *4 (E.D. Mich. August 14, 2008); *King v. Ocwen*, No. 07-11359, 2008 WL 111260, at *11 (E.D. Mich. January 8, 2008) (creditors are not included in the definition of "debt collectors" under the FDCPA).

Similarly, Plaintiff's civil Complaint fails to make out an actionable claim of fraud. To establish fraud, the Plaintiff must show that (1) the Defendant made a material representation; (2) the representation was false; (3) the Defendant knew the representation was false or was made recklessly without knowledge of its truth; (4) the Defendant made the representation with the intention that Plaintiff should act on it; (5) the Plaintiff acted in reliance on the representation; and (6) the Plaintiff suffered injury as a result of his reliance. *Little Caesar Enter., Inc. v. Oppco, Inc.*, 219 F.3d 547, 551 (6th Cir. 2000). Plaintiff contends that the Defendant and its attorneys made misrepresentations to the bankruptcy court which caused the bankruptcy court to rely on the allegedly defective mortgage assignments. Plaintiff has failed to plead facts sufficient to show that Defendant made a misrepresentation, with the intention that Plaintiff would rely on it, and that

9

Plaintiff relied on the misrepresentation to his own detriment.  Therefore, the Plaintiff has failed to state a cognizable claim of fraud.

The Court finds that the instant Complaint was filed by Plaintiff in an attempt to delay the eviction process and relitigate claims that are based on the same transaction and events as were litigated in prior state court actions.  The Court therefore agrees with the Defendant's contention that even if this Court did have jurisdiction over Plaintiff's claims, which it does not, the claims would be subject to dismissal under the doctrine of res judicata.

### 4.  Service of Process

Defendant argues that the Plaintiff's Complaint must be dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  Defendant asserts that there is no evidence that a Summons and copy of the Complaint were served upon a director, trustee, or person in charge of an office or business of the Defendant as required under Federal Rule of Civil Procedure 4(h).  (Docket no. 9 at 8).

Plaintiff is proceeding *in forma pauperis*.  Federal Rule of Civil Procedure 4(c)(3) provides that a Plaintiff proceeding *in forma pauperis* is entitled to have his Summons and Complaint served by the United States Marshal.  On June 23, 2009 the Court directed the United States Marshal to serve a copy of the Complaint and Summons on Defendant.  (Docket no. 5).  The Marshal Service acknowledged receipt of the Summons and Complaint on July 7, 2009.  (Docket no. 7).  The docket does not show that the Defendant was properly served with process.

Federal Rule of Civil Procedure 4(m) states that the court must dismiss the action or order that service be made within a specified time if service is not made within 120 days after the complaint is filed.  Because the Court lacks jurisdiction over the Plaintiff's Complaint, the

10

Complaint should be dismissed for failure to effectuate proper service in accordance with Rule 4(m) and Rule12(b)(5).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 03, 2009            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

    I hereby certify that a copy of this Report and Recommendation was served upon Maurice Jenkins and Counsel of Record on this date.


Dated: December 03, 2009                    s/ Lisa C. Bartlett
                                                            Case Manager